IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ROBERT McFARLANE, | : | |
| --- | --- | --- |
| Petitioner, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 01-1657 |
| | : | |
| FRANK D. GILLIS et al., | : | |
| | : | |
| Respondents. | : | |

## ORDER

The Third Circuit has dismissed the Commonwealth's interlocutory appeal in this matter. *(Doc. No. 61.)* The Circuit's continuing consideration of the Commonwealth's Mandamus Petition while that Court awaits my timeliness ruling does not divest this Court of jurisdiction over this matter. Ellis v. U.S. Dist. Court for W. Dist. of Wash. (Tacoma), 360 F.3d 1022, 1023 (9th Cir. 2004) (en banc) ("The district court does not lose jurisdiction over a case merely because a litigant files an interlocutory petition for an extraordinary writ [such as mandamus]." (citing Woodson v. Surgitek, Inc., 57 F.3d 1406, 1416 (5th Cir.1995))). Accordingly, because this matter remains before me, and I have decided a dispositive issue against McFarlane, I am compelled to deny his Habeas Petition.

**AND NOW**, this 14th day of January 2011, upon consideration of the Amended Petition for a Writ of Habeas Corpus *(Doc. No. 37)*, the evidence presented at the October 29, 2010 hearing *(Doc. Nos. 82, 91)*, and all related submissions *(Doc. Nos. 66, 70-74, 87-90)*, it is **ORDERED** as follows:

1. The Amended Petition for a Writ of Habeas Corpus *(Doc. No. 37)* is **DENIED with prejudice** as time-barred;

2. The Motion to Determine Timeliness of Petition of Habeas Corpus is **GRANTED**. *(Doc. No. 66.)*

3. The Discovery Order *(Doc. No. 18)* and related Orders *(Doc. Nos. 29, 34, 35, 50)* are **VACATED**.

4. There are no grounds to issue a certificate of appealability.

5. The Clerk of Court shall mark this case closed for statistical purposes.

        **IT IS SO ORDERED.**

        */s/ Paul S. Diamond*

        _____
        **Paul S. Diamond, Judge**